IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAVMAN WIRELESS NORTH )
AMERICA, LTD. )
)
    **Plaintiff,** )
)
    v. )  No. 16 C 11356
)
TEXAS OILFIELD SERVICES, LLC )
)
    **Defendant.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter comes before the court on Defendant TFS Oilfield Services' (TFS) motion to transfer and motion to dismiss for improper venue. For the following reasons, the motion to transfer is denied and the motion to dismiss for improper venue is denied.

## BACKGROUND

On October 13, 2015, Plaintiff Navman Wireless North America Ltd. (Navman) and TFS allegedly entered into an Agreement for Navman to install vehicle tracking units (VTU) to TFS' trucking fleet. In exchange, TFS would allegedly receive subscription services from Navman. Navman alleges that TFS failed to compensate Navman for providing these services and installing the VTU equipment. Navman filed a complaint in state court alleging a claim for a breach of

1

contract against TFS. TFS then removed the cause of action to federal court. TFS now moves to dismiss the cause of action for improper venue under Federal Rule of Civil Procedure 12(b)(3)(Rule 12(b)(3)) or transfer the action under 28 U.S.C. § 1404.

## LEGAL STANDARD

A defendant may move to dismiss the complaint pursuant to the Federal Rule of Civil Procedure 12(b)(3)(Rule 12(b)(3)) for improper venue. In ruling on a motion to dismiss under Rule 12(b)(3), "all conflicts in the affidavits and depositions submitted by the parties must be resolved in favor of the plaintiff." *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir.1984). A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

I. Motion to Dismiss

TFS argues that the court should dismiss the cause of action for improper venue because the forum selection clause in the Agreement is invalid and unenforceable. In "contracts containing a choice of law clause, the law designated in the choice of law clause is used to determine the validity of the forum selection clause." *Jackson v. Payday Fin., LLC* 764 F.3d 765 (7th Cir. 2014). The parties agree that the contract contains a choice of law provision stating that Illinois law governs the agreement. Under Illinois law, "[a] forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 389 (Ill. App. Ct. 2007). This is only true for "agreement[s] reached through arm's-length negotiation between experienced and sophisticated business people." *Jackson v. Payday Financial, LLC,* 764 F.3d 765, 777 (7th Cir. 2014). A forum selection clause included in "boilerplate language indicates unequal bargaining power, and the significance of the provision is greatly reduced." *Id.* To determine reasonableness, Illinois courts typically have looked to six factors: "(1) the law that governs the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and/or performance of the contract; (4) the location of the parties and their witnesses; (5) the inconvenience to

3

the parties of any particular location; and (6) whether the clause was equally bargained for." *Id.* The court must consider these factors in determining whether the forum selection clause is reasonable. *Id.*

### A. Law That Governs the Formation and Construction of the Contract.

Both parties agree that Illinois law governs the formation and construction of the contract. Therefore, this factor weighs in favor of finding the forum selection clause enforceable.

### B. Residency of the Parties.

TFS contends that its residency is in Houston, Texas and argues that such fact weighs in favor of transferring the action to the Southern District of Texas. TFS contends that it is headquartered in Texas and alleges that essentially its entire operations take place in Texas. Navman contends that it is a Delaware corporation, with its principal place of business in Illinois. Based on the above facts, a transfer to the Southern District of Texas would simply shift the alleged inconvenience from TFS to Navman. Accordingly, this factor weighs in favor of finding the forum selection clause enforceable.

### C. Place of Execution and Performance of the Contract.

TFS argues that the contract was to be performed and executed in Texas. TFS

also contends that the entire contract was to be performed in Texas, the VTU equipment was serviced on its trucks in Texas, and other equipment subject to litigation is located in Texas. Navman, however, argues that TFS dealt with Illinois Navman employees, the equipment that was the subject of the agreement was provisioned and shipped from Illinois, and Navman serviced the equipment remotely from Illinois. Thus, this factor weighs in favor of finding the forum selection clause enforceable.

### D. Location of the Parties and their Witnesses

TFS argues that the location of the parties and its witnesses favors a transfer. TFS contends that all of its potential witnesses are located in Texas. However, nearly all of Navman's potential witnesses are located in Illinois. Transferring the cause of action to Texas would simply shift the burden from TFS to Navman. TFS has not shown that there is a significant disparity as to the inconvenience to the parties and witnesses. *See Research Automation, Inc. v. Schrader-Bridgeport Intern, Inc.* 626 F.3d 973, 978 (N.D. Ill. 2010)(stating that where "the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer"). Therefore, this factor weighs in favor of finding the forum selection clause enforceable.

### E. Inconvenience to the Parties of any Particular Location

TFS argues that this factor weighs in favor of transfer because litigating this case in Illinois would be so gravely difficult and inconvenient that TFS would be deprived of its day in court. TFS contends that if this litigation went to trial, it would disrupt its operations and harm its business. Conversely, TFS contends that Navman is a global corporation with much greater assets. Therefore, this factor weighs in favor of finding the forum selection clause unenforceable.

### F. Whether the clause was equally bargained for

TFS argues that the clause is unenforceable because it was not equally bargained for between the parties. TFS is a limited liability company with allegedly two member managers where one of the members is a licensed attorney. Although Navman has larger profits and conducts business in more locations, the parties maintained relatively equal bargaining power in this transaction. Moreover, "[a] contracting party is under a duty to learn the contents of a written contract before signing it." *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1136 (7th Cir. 1994). Also, "[a]s a result of this duty, a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms." *Id.* TFS is a sophisticated limited liability company that employs approximately forty individuals. TFS is tasked with both reading the terms of an agreement and bargaining for provisions it sees fit. TFS had the opportunity to negotiate the forum selection clause and failed to do so. Therefore, the clause was equally bargained for and this

factor weighs in favor of finding the forum selection clause enforceable. The court analyzed the entire record and filings in this matter and finds that TFS has failed to show that enforcement of the forum selection clause would be unreasonable under the circumstances. Thus, TFS has not shown the Northern District of Illinois is an improper venue. Therefore, TFS' motion to dismiss is denied.

II. Motion to Transfer

A. Choice of Forum

Navman argues that its choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The plaintiff's choice of forum is entitled deference in cases such as this where the parties are sophisticated and have the means to negotiate its contracts effectively. As stated above, TFS is a limited liability company with allegedly two member managers, one of whom is a practicing attorney. The forum selection clause allows Navman to pursue an action in this District. Navman indicates its principal place of business is in Illinois but it also acknowledges that it does business far

beyond Illinois. Navman, however, should not be penalized for conducting business outside the State of Illinois and each case must be considered based on its individual record. Therefore, the court finds that Navman's choice of forum is entitled deference and should not be disturbed.

### B. Interest of Justice

TFS also contends that the interest of justice factor favors a transfer. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

The record reflects that material witnesses and evidence are located in Illinois and that the case could be adjudicated most efficiently in Illinois. There is a local

Illinois interest involved in the resolution of the claims because the court would be required to interpret Illinois law and TFS entered into an agreement with an Illinois corporation, Navman. In addition, TFS agreed to the forum selection clause to litigate in Illinois. Based on a review of the record in its totality, the interest of justice factor favors that the case remain in Illinois. Therefore, TFS' motion to transfer the cause of action to the Southern District of Texas is denied.

## CONCLUSION

Based on the foregoing analysis, TFS' motion to dismiss and motion to transfer are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2017